UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-00069 |
| | ) | JUDGE SEAN F. COX |
| GEORGE DAVID GEORGE | ) | |
| | ) | |

**GOVERNMENT'S MOTION IN LIMINE
TO ADMIT CERTAIN EVIDENCE**

The Government, by and through undersigned counsel, respectfully moves *in limine* to admit evidence of the defendant's under-payment and non-payment of WellCity employees during the period of the charged scheme to defraud. Such evidence directly proves the defendant's scheme to defraud WellCity investors and is therefore admissible under Federal Rules of Evidence 401 – 403.

I. **Background**

The defendant is charged with numerous crimes stemming from his scheme to use his company, WellCity, to defraud investors and potential investors, between March 2011 and April 2014. *See generally* D.E. 70 (superseding indictment). The superseding indictment specifically alleges that it was part of the defendant's scheme to make material misrepresentations and false promises regarding the revenue and assets of WellCity. *Id*. at ¶ 17(a). The superseding indictment further alleges that it was part of the defendant's scheme to "use funds that had been provided by WellCity Investors for his own personal use..." *Id*. at ¶ 22.

The evidence at trial will show that the defendant received millions of dollars from WellCity investors during the course of the fraud. Nevertheless, numerous former WellCity employee will testify that the defendant consistently underpaid them or failed to pay them their agreed upon wages during the same period.

## II. The defendant's non-payment of WellCity employees is admissible proof of his crimes

The defendant's non-payment of WellCity employees during the course of the fraud is direct evidence that he misled investors. The evidence demonstrates that WellCity did not generate sufficient revenue or have sufficient assets to pay its employees. When this evidence is contrasted with the defendant's statements to investors about WellCity's revenue and assets, the defendant's deceit will be evident.

The same evidence makes it more likely that the defendant was diverting investor money for his personal use. That is because, despite having access to millions of dollars of investor money during the course of the fraud, the defendant routinely chose not to pay his employees. The evidence is therefore relevant and admissible under Federal Rules of Evidence 401 and 402.

## III. The evidence is admissible under Fed. R. Evid. 403

Finally, any danger of unfair prejudice or confusion of the issues caused by this evidence is substantially outweighed by its probative value. Fed. R. Evid. 403. As the Court is aware, "[t]he prejudice to be weighed is the *unfair* prejudice caused by admission of the evidence." *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996). Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." *Id*. citing *United States v. Mullins*, 22 F.3d 1365, 1373 (6th Cir. 1994) (Trial court's admission of a letter that portrayed the defendant "as a crook and someone trying to sell out his co-conspirators"

was not an abuse of discretion where letter had probative value). While the defendant's repeated non-payment and under-payment of his employees may paint him in a "bad light," as set out above, it is extremely probative of the charged conduct. Therefore, the evidence should not be excluded under Fed. R. Evid. 403.

IV. Conclusion

WHEREFORE, the Government respectfully moves the Court to admit at trial in the above-captioned matter evidence of the defendant's non-payment and under-payment of WellCity employees.

Respectfully submitted,

JACK SMITH

Acting United States Attorney

s/**Henry C. Leventis**
HENRY C. LEVENTIS
RYAN R. RAYBOULD
Assistant United States Attorneys
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Peter J. Strianse, counsel for the defendant upon this 10th day of April 2017.

*s/ Henry C. Leventis*
HENRY C. LEVENTIS
Assistant United States Attorney

- 3 -