UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:15-cr-00069 |
| | ) | JUDGE SEAN F. COX |
| GEORGE DAVID GEORGE | ) | |
| | ) | |

**GOVERNMENT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF DEFENDANT'S REPAYMENT OR ATTEMPTED
REPAYMENT**

The Government, by and through undersigned counsel, respectfully moves *in limine* that the Court exclude any evidence of the defendant's repayment or attempted repayment of victims after he was confronted by law enforcement regarding the charged conduct.

**I.   Background**

Federal law enforcement confronted the defendant about the conduct in the superseding indictment in early 2015. He was subsequently charged by criminal information on May 13, 2015 with wire fraud, mail fraud, securities fraud, and money laundering. *See* D.E. 1. Those charges arose from defendant's solicitation of investments and loans in connection with WellCity, a company that he operated and controlled. *Id*.

On February 1, 2017, a superseding indictment was returned, which charged the defendant with the same charges as originally set out in the criminal information as well as additional counts of wire fraud. One of the additional wire fraud counts involved Investor A, who was not specifically associated with any of the counts in the original information.

Within days of the return of the superseding indictment, the defendant called Investor A and told him that he (the defendant) was going to return Investor A's original investment and that his attorney would be in touch to make arrangements for repayment. The following week, the defendant's attorney, Lance Mayes, contacted Investor A, asked him a series of questions and told him to expect repayment of his investment within ninety (90) days.

According to Investor A, prior to the aforementioned phone calls, it had been approximately two and a half years since he had been contacted by the defendant or anyone acting on his behalf. The nature and timing of the defendant's communications illustrate a clear attempt by the defendant to influence Investor A and, furthermore, to create evidence to support a defense argument that he never intended to defraud investors. The Government does not know how many other victims the defendant has contacted or attempted to contact about repayment since early 2015.

## II.     The defendant's repayment or attempted repayment is irrelevant

The Sixth Circuit has held that a defendant's intention to repay the victims of fraud is no defense and that subsequent investigations, repayments or settlement attempts shed no light on whether a defendant had a previous intent to defraud. *United States v. Carter*, 483 F. App'x 70, 75 (6th Cir. 2012). In *Carter*, the Sixth Circuit upheld the district court's exclusion of testimony regarding the defendant's apparent attempts to remedy his fraud, finding that the "[d]efendant's subsequent attempts to rectify [his] fraud are irrelevant to his earlier intent or state of mind, and [that] the district court was within its broad discretion under Rule 403 to exclude that evidence." *Id.*

The Sixth Circuit considered the same issue three months ago in *United States v. White*, 846 F.3d 170, 178 (6th Cir. 2017), a wire-fraud case from Western Michigan. White sought to

admit evidence that, long after her fraudulent scheme was discovered, she attempted to repay some of her victims for some of their losses. The Sixth Circuit noted that the negotiations between White and her victims transpired only after White was confronted by her victims and law enforcement. In affirming the trial court's decision to exclude such evidence, the *White* Court noted "the temporal relationship between the fraudulent activity and the attempt at repayment is too attenuated to warrant a reversal." The *White* Court also noted that several other circuits have joined the Sixth Circuit in curtailing admissions of evidence of post-accusation repayment. *Id*. (*citing United States v. Jimenez*, 513 F.3d 62, 75 (3d Cir. 2008); *United States v. Suba*, 132 F.3d 662, 677 (11th Cir. 1998); *United States v. Sirang*, 70 F.3d 588, 595 (11th Cir. 1995); *United States v. Foshee*, 578 F.2d 629, 632 (5th Cir. 1978)).

As noted above, the defendant contacted one victim in this case after two and half years of silence, but only 3 days after that victim's email correspondence was set out in the superseding indictment. Rather than actually repay the victim, the defendant had his attorney contact the victim and promise repayment in "90 days." The defendant or his attorney may have had similar communications with other victims.

These communications have no probative value regarding the defendant's intent to defraud investors years earlier, before law enforcement confronted him. Rather, they are a transparent attempt to sow confusion with the victims and the jury. Therefore, the Court should prohibit cross-examination or direct testimony about these communications under Fed. R. Evid. 401, 402 and 403. *See Carter*, 483 F. App'x at 75 ("[S]ubsequent investigations, repayments, or settlement attempts shed no light on whether a defendant had a previous intent to defraud.").

### III. Conclusion

WHEREFORE, the Government respectfully moves the Court to exclude any evidence of the defendant's repayment or attempted repayment of victims after he was confronted by law enforcement regarding the charged conduct.

Respectfully submitted,

JACK SMITH
Acting United States Attorney

s/**Henry C. Leventis**
HENRY C. LEVENTIS
RYAN R. RAYBOULD
Assistant United States Attorneys
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served through the electronic case filing system upon Peter J. Strianse, counsel for the defendant upon this 13th day of April 2017.

*s/ Henry C. Leventis*
HENRY C. LEVENTIS
Assistant United States Attorney

- 4 -

Case 3:15-cr-00069   Document 92   Filed 04/13/17   Page 4 of 4 PageID #: 355