UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-00069 |
| | ) | Judge Wilson |
| GEORGE DAVID GEORGE | ) | |

## GOVERNMENT'S MOTION IN LIMINE TO
## ADMIT EVIDENCE OF THE DEFENDANT'S FLIGHT

The United States of America, by and through Assistant United States Attorney Kathryn W. Booth, moves *in limine* to admit evidence at trial of the defendant's flight from this jurisdiction from May, 2017, through January, 2019. Evidence that the defendant fled the jurisdiction prior to his previously-scheduled bond revocation hearing and trial is admissible as evidence of his consciousness of guilt. Such evidence is also admissible under Fed. R. Evid. 404(b).

I.    BACKGROUND

On May 1, 2017, the defendant absconded supervision in this case by cutting off his ankle monitor and fleeing to Houston, Texas. On May 3, 2017, he failed to appear for a scheduled bond revocation hearing, and the court issued a warrant for his arrest. On May 16, 2017, he failed to appear for trial.

After the defendant absconded, between May 1, 2017, and January 3, 2019, the defendant used multiple identities in multiple different states. First, he lived in Houston for a number of months under the alias "David Brown," where he used a fake Canadian International Driver's License bearing his photograph. He then relocated to Huntsville, Alabama, where he lived under the alias "Stephen Oliver," worked at a Mercedes dealership under that name, and fraudulently purchased a Mercedes using stolen personal information. Next, he relocated to Jacksonville, Florida, where

he continued to use the name "Stephen Oliver" and obtained a fake Florida Driver's license in that name with his photo. While in Florida, George represented himself as a widower and a Harvard-educated medical doctor. Under this pretense, he met with psychiatric patients and purportedly provided them with psychiatric "treatment." Additionally, he solicited employees and investments for a "wellness" business called Beach Family Therapy.

When he was arrested in January, 2019, the defendant was carrying a bag that contained the fake identification documents described above; a credit card, Social Security Card, and Texas driver's license, all in the name of David Brown; and the defendant's own Tennessee driver's license and his own expired passport. In addition, he was carrying a journal with the title "George Diary 2017." The diary contained the following entries (among others):

> 4/25 Judge says no trial
> 4/26 Judge reverses & says Trial on 5/16
> 4/27 Government offers 135-165
> 5/1 Hit road at 8am at approx 2pm bracelet is cut – TX
> …
> 11/5 woke up w illumination:
>   1. My offer was unaccept
>   2. We were going to lose at trial
>   3. The only way to buy time
> Also threw 5 years away

The United States Marshals Service was actively searching for the defendant during the 20 months he was on the lam. The Marshals repeatedly visited the defendant's wife and other family members, who all denied that they had seen the defendant or spoken with him since he absconded.

II. ARGUMENT

Evidence that the defendant absconded supervision shortly before the trial in this matter in 2017, and the circumstances surrounding his flight, is admissible at trial to prove his guilty conscience. "Flight evidence comes in as an admission of guilt by conduct." *United States v. Oliver*, 397 F.3d 369, 376 (6th Cir. 2005) (quoting *United States v. Dillon*, 870 F.2d 1125 (6th

2

Cir.1989)). To be admissible, flight evidence must have probative value and must reasonably be supported by the evidence, which is evaluated through a four-step analysis: "(1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *Id.*

The Sixth Circuit has routinely upheld the admission of flight evidence in a criminal trial. *See, e.g., Oliver*, 397 at 376 (upholding admission at trial of flight from halfway house when defendant failed to return to halfway house as required; defendant knew he was under indictment; and there was evidence the defendant was conscious he was guilty of the crime with which he had been charged); *United States v. Perez-Martinez*, 746 F. App'x 468, 476–77 (6th Cir. 2018), *cert. denied*, No. 18-6855, 2019 WL 113483 (Jan. 7, 2019)(upholding admission of flight evidence under Fed. R. Evid. 404(b)); *United States v. Wilson*, 385 F. App'x 497, 501 (6th Cir. 2010)(upholding district court's admission of flight evidence where defendant walked quickly away from police officer and did not stop when officer activated blue lights, and when defendant was unlawfully possessing ammunition); *United States v. Atchley*, 474 F.3d 840, 854 (6th Cir. 2007)(holding district court's admission of flight evidence was not plain error).

When a defendant fails to appear for a bond revocation hearing and tampers with an electronic monitoring device, coupled with other evidence indicating that the defendant is attempting to avoid apprehension, such evidence is admissible at trial. In *United States v. White*, 543 F. App'x 563, 567 (6th Cir. 2013), the defendant tampered with his electronic monitoring device and failed to appear for a bond revocation hearing. When he was stopped for a traffic violation eight months later, he attempted to flee on foot to avoid arrest. *Id.* The Sixth Circuit held that this evidence was admissible at his trial on the underlying charges because there was sufficient evidence of flight

3

when he did not appear for his bond revocation hearing, and his failure to appear at his bond revocation hearing and his attempt to flee arrest several months later supported the first three inferences. The court further found that the defendant's false statements on loan applications, coupled with testimony at trial, indicated his consciousness of guilt with respect to the underlying charges. *Id.*

In this case, just as in *White*, the defendant failed to appear for his bond revocation hearing and cut off his electronic ankle monitor. In addition, the defendant—in a clear attempt to avoid apprehension—assumed various aliases, relocated three times in twenty months, and did not return to Nashville, where his wife and adult children reside. Further, the defendant's diary entries, which directly mention his criminal charges, his decision to flee, the prosecution's plea offer, the trial date, and the unlikelihood of winning at trial, strongly indicate consciousness of guilt.

III. <u>Notice of Intent to Introduce Under Rule 404(b)</u>

Evidence that the defendant fled prior to his previously-scheduled trial is direct evidence of consciousness of guilt. However, even if this evidence is not direct evidence of guilt, it is admissible under Fed. R. Evid. 404(b). Under Fed. R. Evid. 404(b), the government may "introduce evidence of other crimes, wrongs, or acts committed by the defendant so long as the evidence is not used merely to show propensity and if it bears upon a relevant issue in the case." *White*, 543 F. App'x at 568 (6th Cir. 2013)(citing *United States v. Clay*, 667 F.3d 689, 693 (6th Cir.2012)). Rule 404(b) includes a non-exhaustive list of proper purposes, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In this case, the flight evidence establishes the defendant's knowledge, identity, absence of mistake, and lack of accident.

4

WHEREFORE, the Government respectfully requests the Court permit evidence at trial regarding the defendant's flight prior to the prior trial and the circumstances surrounding that flight.

DATE: March 1, 2019.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

*s/ Kathryn W. Booth*
KATHRYN W. BOOTH
Assistant U.S. Attorney
110 9th Avenue South, Suite A-961
Nashville, TN 37203
Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was sent via the Court's electronic filing system on March 1, 2019, to defense counsel,

Peter J. Strianse
Tune, Entrekin & White, P.C.
Regions Center
315 Deaderick Street
Suite 1700
Nashville, TN 37238

                                                *s/ Kathryn W. Booth*
                                                KATHRYN W. BOOTH

6

Case 3:15-cr-00069   Document 129   Filed 03/01/19   Page 6 of 6 PageID #: 493