UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:15-cr-00069 |
| v. ) | Judge Wilson |
| ) | |
| GEORGE DAVID GEORGE ) | |

SENTENCING MEMORANDUM

Comes now the United States of America, by counsel, and offers the following sentencing position.

Statutory Penalties

Paragraph four of the Plea Agreement and paragraphs 114, 119, 122, 125, 126 and 129 of the Revised Presentence Report accurately set out the applicable statutory penalties.

Advisory Guidelines

As is set out in paragraph 10 of the Plea Agreement, the parties agreed to recommend a guideline range of 135-168 months. The United States stands by that recommendation, notwithstanding paragraph 54 of the Revised Presentence Report, which recommends an enhancement under U.S.S.G. § 2B1.1(b)(9)(C).

As to the merits of the enhancement, counsel for defendant argues that the Order in question was not a final Order, and therefore, the enhancement should not apply. The United States disagrees. The Order from the Tennessee Securities Division required Defendant to stop engaging in securities fraud. The fact that Defendant thereafter sought to challenge the Order did nothing to

nullify its affect. That is, Defendant was not free to engage in securities fraud while the Cease and Desist Order was under administrative review.

The United States agrees with the conclusion in paragraph 54. Defendant indeed continued to engage in securities fraud following the June 2013 Cease and Desist Order. For example, on August 27, 2013, Defendant wrote the following in an email to an investor: "Stock is now trading! It will take just a few days for us to start transferring to the appropriate accounts. I thought it was going to be this week but as usual there was a slight delay. However, now that it is trading, we are off to the races." Defendant's representation was a lie. The investor may have acted on Defendant's misrepresentation to his detriment. As such, the United States argues that Defendant violated the Cease and Desist Order. Be that as it may, the parties' agreed recommendation does not contemplate the enhancement at issue. The parties' agreement on the guidelines is not binding on the Office of Probation or the Court.

## Sentencing Hearing and Recommendation

The United States intends to call several witnesses who were victimized or otherwise adversely affected by Defendant while he was on the lam between May 1, 2017, and January 4, 2019. This evidence is offered pursuant to 18 U.S.C. § 3553(a). The United States may call one or two law enforcement agents, and will offer several exhibits. With the Court's permission, the United States will play a video-recorded statement of one of the victims of the defendant's crimes while he was a fugitive. The government intends to offer this statement, in addition to other evidence related to the defendant's conduct while he was a fugitive, in support of the government's argument that the § 3553(a) factors merit a sentence above the Guidelines in this case.

The United States has also received several additional victim impact statements related to the underlying case for the Court's consideration. The United States will argue that Defendant's conduct between May 1, 2017, and January 4, 2019, supports an upward variance, particularly when viewed against the backdrop of Defendant's underlying offense conduct.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

By: */s Miller A. Bushong*
Miller A. Bushong
Kathryn W. Booth
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and exact copy of the foregoing document has been served upon counsel for the defendant via ECF this 17th day of March, 2019.

            *s/ **Kathryn W. Booth***
            Kathryn W. Booth